ORIGINAL

F I L E D

'07 OCT 12 PM 1:3?

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____

DEPUTY

1  Donna M. Mezias (State Bar No. 111902)
   dmezias@jonesday.com
2  Catherine S. Nasser (State Bar No. 246191)
   cnasser@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94104
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Attorneys for Defendant
   INTERNATIONAL BUSINESS MACHINES
7  CORPORATION

8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11                                          '07 CV   1977 LAB CAB
   PAULA ALLISON, individually and on       Case No. _____
12 behalf of all others similarly situated,

13                 Plaintiff,               DEFENDANT INTERNATIONAL
                                            BUSINESS MACHINES
14         v.                               CORPORATION'S NOTICE OF
                                            REMOVAL OF CIVIL ACTION
15 INTERNATIONAL BUSINESS                   FROM STATE COURT
   MACHINES CORPORATION, and DOES
16 1 through 50, inclusive,                 [18 U.S.C. 1332 AND 1446]

17                 Defendant.

18

19         TO THE CLERK OF THE ABOVE ENTITLED COURT:

20         PLEASE TAKE NOTICE THAT International Business Machines Corporation

21 ("Defendant"), Defendant in the above-titled action, hereby removes this matter to the United

22 States District Court for the Southern District of California, pursuant to 28 U.S.C. § 1332, § 1441,

23 and § 1446.  The grounds for removal are as follows:

24                    **Compliance with Statutory Requirements**

25         1.        On or about September 10, 2007, Plaintiff Paula Allison ("Plaintiff") filed a

26 Complaint for Violations of the California Labor Code, Claims for Damages, Restitution, and

27 Injunctive Relief in the Superior Court of the State of California for the County of San Diego,

28 Case No. 37-2007-00074685-CU-OE-CTL, captioned *Paula Allison, individually and on behalf*

1   *of all others similarly situated, v. International Business Machines Corporation, and DOES 1*

2   *through 50, inclusive.*  In her Complaint, Plaintiff asserts claims for Failure to Pay Overtime

3   (California Labor Code §§ 510, 1194 and 1198); Waiting Time Penalties (California Labor Code

4   §§ 201-203); Failure to Provide Accurate Itemized Wage Statements (California Labor Code §

5   226); and Unfair Practice Under the Unfair Competition Act (California Business and Professions

6   Code § 17200 *et seq.*).

7       2.      In this matter, Plaintiff seeks class action certification of a class that would include

8   "Plaintiff and all other persons who were, are, or will be employed by IBM in California as 'PBX

9   Analysts' (that is, technical analysts, telecom analysts, voice network analysts or any other job

10  position with primary duties of installing, supporting, upgrading, and/or maintaining PBX

11  telephones) in the State of California at any time within the four years prior to the date of the

12  filing of this Complaint through the date of the final disposition of this action ... and who were,

13  are, or will be classified as exempt from overtime pay under California law."  Complaint, ¶ 1.

14      3.      On September 12, 2007, Plaintiff served Defendant with the Complaint.

15  Defendant's removal of this action is timely because Defendant is removing this matter within 30

16  days of Plaintiff's completion of service.  *See* 28 U.S.C. § 1446(b).

17      4.      In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and

18  correct copies of all process, pleadings, and orders in this action.

19      5.      Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide written notice

20  of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with

21  the Clerk of the Superior Court of the State of California, County of San Diego.

22                    **Jurisdiction:  Traditional Diversity**

23      6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is

24  an action between "citizens of different States" and the "matter in controversy exceeds the sum or

25  value of $75,000, exclusive of interest and costs."

26      7.      The parties to this action are citizens of different states.  *See* 28 U.S.C. §

27  1332(a)(1); *see also Gibson v. Chrysler Corp.*, 261 F.2d 927, 931 n.2 (9th Cir. 2001) ("The

28  complete diversity requirement in class actions is based on the citizenship of the named plaintiffs

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1    at the time the action is filed."). For its part, Defendant is a citizen of New York. *See* 28 U.S.C.

2    § 1332(c)(1). Defendant is a corporation incorporated under the laws of the State of New York,

3    with a principal place of business in that State. (Complaint, ¶ 10.) Plaintiff, on the other hand,

4    alleges that she resides in California. (Complaint, ¶ 13.) Thus, based upon information and

5    belief, Plaintiff was a citizen of the State of California at the time she filed this action, and still is.

6           8.      In addition, and although Defendant does not concede liability, the amount in

7    controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *see also Gibson*, 261 F.3d at 941 (noting

8    that, under the traditional diversity analysis, the amount-in-controversy analysis involves an

9    examination of "only the claims of named class plaintiffs"). In her Complaint (at ¶¶ 30, 35, 40),

10   Plaintiff does not allege a specific dollar amount in damages, but she seeks the recovery of

11   overtime wages, waiting time penalties, penalties for failing to pay itemized wage statements, and

12   attorneys' fees. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, (9th Cir. 1998) ("[W]here

13   an underlying statute authorizes an award of attorneys' fees, either with mandatory or

14   discretionary language, such fees may be included in the amount in controversy."); *Simmons v.*

15   *PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys fees are

16   "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in

17   the amount-in-controversy analysis). As such, Plaintiffs' individual claims meet the traditional

18   amount-in-controversy threshold necessary to establish this Court's diversity jurisdiction:

19          a.      <u>Overtime</u>   Plaintiff alleges that she was employed by Defendant from September

20   2003 until September 2004, earning approximately $82,000 annually. (Complaint, ¶ 9.) Plaintiff

21   further alleges that she worked between 45 hours and 60 hours per week, without receiving

22   overtime compensation from Defendants. (Complaint, ¶ 17.) Assuming that Plaintiff allegedly

23   averaged fifty-hour workweeks, Plaintiff's claim for unpaid overtime alone places in controversy

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1   at least $30,747.60.[1]

2       b.   <u>Waiting Time and Wage Statement Penalties</u>  Given Plaintiff's alleged salary with

3   Defendant, and the length of her employment, her claim for waiting time penalties places in

4   controversy an additional $9,460.80,[2] and her claim for alleged wage statement violations places

5   in controversy an additional $2,350.[3]

6       c.   <u>Attorneys' Fees</u>.  Attorneys' fees claimed by Plaintiff and attributable to her would

7   exceed $33,000 – the amount that, when added to *minimum* amounts in controversy due to

8   Plaintiff's overtime claim and her claims for statutory penalties, would satisfy 28 U.S.C.

9   § 1332(a)'s $75,000 jurisdictional threshold.  For instance, considering only Plaintiff's individual

10  claims, and assuming a very conservative $300 per hour billable rate, Plaintiff would claim

11  $33,000 in fees after only 110 hours of work.

12      9.   In short, then, considering only Plaintiff's individual claim, the amount in

13  controversy in this matter exceeds $75,000 ($30,747.60 + $9,460.80+ $2,350 + $33,000).

14  Moreover, because the Court has original jurisdiction pursuant to 1332(a) over Plaintiff's claims,

15  it has supplemental jurisdiction that extends to the claims of the unnamed putative class members.

16  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (holding that "where

17  the other elements of [diversity] jurisdiction are present and at least one named plaintiff in the

18  action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental

19  jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if

20  _____

21      [1] The amount of alleged unpaid overtime was calculated as follows:

    Step 1:  Divide Plaintiff's alleged yearly salary ($82,000) by 2080 hours to derive Plaintiff's
22  regular rate of pay ($39.42) (*see* Cal. Lab. Code § 515(d)); then multiply the regular rate by 1.5 to
    calculate the alleged overtime rate of pay:

23      $82,000 ÷ 2080 x 1.5 = $59.13

24  Step 2:  Multiply the overtime rate of pay ($59.13) by ten hours of overtime (based on Plaintiff's
    allegations of hours worked per week) and then by Plaintiff's tenure (52 weeks):

25      59.13 x 10 x 52 = $30,747.60

26      [2] The amount of alleged waiting time penalties equals Plaintiff's regular rate of pay
    ($39.42) x 8 hours per day x 30 days.  *See* Cal. Lab. Code § 203.

27      [3] Plaintiff will seek alleged wage statement penalties calculated as follows:  First
    Violation (first pay period) ($50) + Subsequent Violations ($100 x the 23 remaining pay periods
28  during Plaintiff's tenure), based on Cal. Lab. Code § 226.

NOTICE OF REMOVAL OF CIVIL ACTION
                                                FROM STATE COURT

1   those claims are for less than the jurisdictional amount specified in the statute setting forth the

2   requirements for diversity jurisdiction"); *Gibson*, 261 F.3d at 940 (holding that "there is

3   supplemental jurisdiction over the claims of unnamed class members when the claim of an

4   individual named plaintiff satisfies the amount-in-controversy requirement").

5         10.   In alleging the amount in controversy, Defendant does not concede that Plaintiff

6   was misclassified as an exempt employee, or that she ever worked more than forty hours per

7   workweek, or more than eight hours per day, or that she is entitled to overtime pay, or any of the

8   penalties or related damages alleged in the Complaint, or that Plaintiff's computation of alleged

9   damages would be deemed correct.  Nor does Defendant concede that any or all of its current of

10  former employees who perform(ed) PBX-related duties were misclassified as exempt employees

11  or are appropriately included in the putative class.

12  **Jurisdiction – Class Action Fairness Act**

13        11.   In addition, this Court has original jurisdiction over this matter pursuant to 28

14  U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119

15  Stat. 14 ("CAFA")).  Under Section 1332(d), federal courts have original diversity jurisdiction

16  over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a

17  State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), and (2) "the matter in

18  controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C.

19  § 1332(d)(2).  All CAFA requirements are satisfied in this case.

20        12.   First, this is a class action.  *See* 28 U.S.C. §§ (d)(1)(B) & (d)(5)(B).  Plaintiff seeks

21  to represent a class of "PBX Analysts," and she alleges that the class is "so numerous that joinder

22  of all members is impractical."  (Complaint, ¶ 20.)  Moreover, although the term "PBX Analyst"

23  does not correspond to a company-specific position, initial investigation has revealed that, during

24  Plaintiff's brief one-year tenure, Defendant employed in California approximately 30 persons

25  who performed duties similar to those of Plaintiff, and if there were an equal number of persons

26  over the four-year statute of limitations applicable to certain of the claims in this case, the number

27  could total over 100.  *Cf.* Senate Report No. 109-14 (2005) ("For example, in cases in which it is

28  unclear whether 'the number of members of all proposed plaintiff classes in the aggregate is less

1    than 100,' a federal court should err in favor of exercising jurisdiction over the matter.").

2        13.    Second, as noted above, Plaintiff (California) and Defendant (New York) are

3    citizens of separate states.  See 28 U.S.C. § 1332(d)(2).  In addition, minimal diversity exists for

4    purposes of this Court's exercise of jurisdiction under CAFA because Plaintiff's putative class

5    consists of persons who "were, are, or will be employed by [Defendant] in California."

6    Complaint, ¶ 1.

7        14.    Finally, though Defendant concedes neither liability on Plaintiff's claims nor the

8    propriety or breadth of the class as alleged by Plaintiff, the Complaint places in controversy a sum

9    greater than $5,000,000 under CAFA.  See 28 U.S.C. § 1332(d).  Assuming that the amounts in

10   controversy detailed above for Plaintiff's overtime and penalties claims are typical for members

11   of Plaintiff's putative class, and further assuming a class of 100 persons, as is required under

12   CAFA for removal, the potential class recovery for damages and penalties alone would total

13   $4,265,740.00.[4]  (Given Plaintiff's very brief tenure during the relevant limitations period, the

14   amount in controversy for other potential class members may well exceed the amount in

15   controversy for Plaintiff.)  Assuming a class of over 100 persons, one would anticipate that the

16   amount of attorneys' fees class counsel will seek in this case would exceed the $734,260 required

17   to put in controversy more than $5,000,000 for purposes of CAFA jurisdiction.

18           WHEREFORE, the above-titled Action is hereby removed to this Court from the

19   Superior Court of the State of California, County of San Diego.

20   Dated: October 12, 2007                    Respectfully submitted,

21                                              Jones Day

22

23                                     By: _____

24                                              Catherine S. Nasser

25                                     Counsel for Defendant
                                       INTERNATIONAL BUSINESS MACHINES
26                                     CORPORATION

27   ─────────────────
       [4] This amount was determined based upon the following formula:  100 x ($30,747.60 +
28   $9,460.80+ $2,350).

# EXHIBIT A

COPY



1  RUKIN HYLAND DORIA & TINDALL LLP
   STEVEN M. TINDALL (State Bar No. 187862)
2  100 Pine Street, Suite 725
   San Francisco, CA  94111
3  Telephone: (415) 421-1800
   Facsimile (415) 421-1700

4  LEWIS, FEINBERG, LEE, RENAKER & JACKSON, LLC
5  JEFFREY LEWIS (State Bar. No. 66587)
   TODD JACKSON (State Bar No. 202598)
6  1330 Broadway, Suite 1800
   Oakland, CA 94612
7  Telephone: (510) 839-6824
   Facsimile: (510) 839-7839
8
   Attorneys for the individual and representative Plaintiff
9  (additional counsel listed on signature page)

10          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11                    COUNTY OF SAN DIEGO

12  PAULA ALLISON, individually and on        Case No.   37-2007-00074885-CU-OE-CTL
    behalf of all others similarly situated,
13
                Plaintiff,                    COMPLAINT FOR VIOLATIONS OF THE
14                                            CALIFORNIA LABOR CODE; CLAIMS
         vs.                                  FOR DAMAGES, RESTITUTION, AND
15                                            INJUNCTIVE RELIEF
    INTERNATIONAL BUSINESS
16  MACHINES CORPORATION., and                (1)  Failure to Pay Overtime in Violation of
    DOES 1 through 50, inclusive,                  California Labor Code Sections 510,
17                                                 1194 and 1198, and IWC Wage Orders;
                Defendants.
18                                            (2)  Waiting Time Penalties;
19
                                             (3)  Failure to Provide Itemized Wage
20                                                Statements; and
21                                           (4)  Violation of California Business and
                                                 Professions Code Section 17200 et seq.
22
                                             DEMAND FOR JURY TRIAL
23
24                                           BY FAX
25
26
27
28
           COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1    Individual and Representative Plaintiff Paula Allison, on behalf of herself and on behalf

2    of all others similarly situated, complains against Defendant International Business Machines

3    Corporation ("IBM") and DOES 1 through 50 inclusive, as follows:

4

5                                    PRELIMINARY STATEMENT

6         1.    The class claims in this action are brought pursuant to Code of Civil Procedure

7    ("CCP") § 382, seeking unpaid overtime wages penalties, injunctive and other equitable relief,

8    interest, and reasonable attorneys' fees and costs, under, among others, California Labor Code §§

9    201, 202, 203, 226, 510, 558, 1174, 1174.5, 1194, Industrial Welfare Commission Wage Order

10   No. 4, Business and Professions Code § 17200 *et seq.*, and CCP §1021.5 on behalf of the

11   following proposed class:

12              Plaintiff and all other persons who were, are, or will be employed
13              by IBM in California as "PBX Analysts" (that is, technical analysts,
                telecom analysts, voice network analysts or any other job position
14              with primary duties of installing, supporting, upgrading, and/or
                maintaining PBX telephones) in the State of California at any time
15              within the four years prior to the date of the filing of this Complaint
                through the date of the final disposition of this action (the "Class
16              Period"), and who were, are, or will be classified as exempt from
                overtime pay under California law.
17

18        2.    Under California Business and Professions Code ("Cal. Bus. & Prof. Code") §

19   17200 *et seq.*, and pursuant to both the class action and representative action procedures provided

20   for in these statutes, Plaintiff, on behalf of herself and proposed Class Members, also seeks

21   injunctive relief and restitution of all benefits Defendant IBM has received from its unlawful

22   actions as alleged herein.

23        3.    The Class Period is designated as the four-year period prior to the filing of this

24   Complaint through the date of final disposition of this action. On information and belief, Plaintiff

25   alleges that from the start of the Class Period, IBM had a consistent policy and/or practice of

26   classifying PBX Analysts (that is, technical analysts, telecom analysts, voice network analysts,

27

28                                            -2-

     COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1   and any other job position with primary duties of installing, and/or supporting, upgrading, and

2   maintaining PBX telephones) in California as exempt from California's overtime laws and failing

3   to pay persons holding these positions overtime wages as required by law.

4       4.   From the start of the Class Period through the present, IBM had a consistent policy

5   and/or practice of: (1) failing to pay overtime to PBX Analysts when these employees worked

6   more than eight hours in a work day or more than 40 hours in a work week; (2) failing to provide

7   these employees with accurate and complete itemized wage statements as required by law; and

8   (3) failing to pay these employees who terminated employment with IBM all overtime wages due

9   to them within 72 hours of their termination.

10       5.   This case involves IBM employees who maintained and supported PBX phone

11   systems for IBM and its customers.  The term "PBX" is an acronym derived from "Private

12   Branch eXchange" or "Personal automatic Branch eXchange," which is also known as a

13   "PABX".  A PBX is a phone system used within business entities that allows employees to

14   communicate both between each other and with outside persons.  PBX systems allow a business

15   entity to have more employees than outside phone lines—many employees can communicate with

16   each other within the system, and a smaller number of outside phone lines connect this system to

17   persons outside of the business entity.

18       6.   Plaintiff and Class Members spent or spend the majority of their time performing

19   routine installations and maintenance for IBM and its customers concerning PBX telephones,

20   following routine processes for doing so.

21       7.   IBM unlawfully classified Plaintiff and Class Members as exempt from overtime

22   payments under California law, despite the fact that they are not exempt.  Plaintiff and Class

23   Members worked overtime hours, as defined by California law, and are and have been entitled to

24   premium compensation at one and one-half times the regular hourly rate ("overtime

25   compensation") for those hours, and at twice the regular hourly rate for some overtime hours.

26   IBM has willfully refused to pay Plaintiff and Class Members the required overtime

27   compensation for overtime hours worked, and has failed to keep time records as required by law.

28                        -3-

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1  IBM has failed to keep accurate records of Plaintiff's and Class Members' overtime work.  In

2  doing so, Defendant has failed to comply with California law.

3        8.     Plaintiffs seek unpaid overtime pay, injunctive and declaratory relief, overtime

4  compensation for all overtime work required, suffered, or permitted by IBM, liquidated and/or

5  other damages and penalties as permitted by applicable law, interest, and attorneys' fees and

6  costs.

7  **THE PARTIES**

8        9.     Plaintiff Paula Allison was employed by IBM as a technical analyst from

9  September 2003 until September 2004.  IBM paid Plaintiff a salary of approximately $82,000 per

10  year.  Plaintiff spent most of her work time maintaining and operating pre-existing software

11  included with the PBX telephone systems, following routine processes for doing so.  Her duties

12  included routine set-up work associated with adding or moving employees who were using the

13  PBX system.  Ms. Allison regularly worked in excess of forty hours per week and in excess of

14  eight hours per day, without receiving overtime compensation as required by California law.

15        10.    Defendant IBM is a New York corporation providing computer services

16  throughout California, the United States and the world, with its corporate headquarters located in

17  Armonk, New York.  The practices described herein were performed in IBM's offices in

18  California.

19        11.    Defendants Does 1-50, inclusive, are sued herein under fictitious names.  Their

20  true names and capacities are unknown to Plaintiff.  When their true names and capacities are

21  ascertained, Plaintiff will amend this complaint by inserting their true names and capacities

22  herein.  Plaintiff is informed and believe, and thereon alleges, that each of the fictitiously-named

23  Defendants is responsible in some manner for the occurrences herein alleged, and that the

24  damages sustained by Plaintiff and the Class Members herein alleged were proximately caused by

25  such Defendants.

26        12.    Plaintiff is informed, believes, and thereon alleges that each of the Defendants

27  herein was, at all times relevant to this action, the agent, employee, representing partner, and/or

28  -4-

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1   joint venturer of the remaining Defendants and was acting within the course and scope of the

2   relationship.  Plaintiff is further informed, believes, and thereon alleges, that each of the

3   Defendants herein gave consent to, ratified, and authorized the acts alleged herein to the

4   remaining Defendants.

5

6                                          **VENUE**

7         13.    Venue in the County of San Diego is proper because Plaintiff worked for IBM in

8   this County, and its liability arose, in part, in this County.  Plaintiff also resides in this county.

9                                  **GENERAL ALLEGATIONS**

10

11        A.    <u>Background on IBM's PBX Analysts</u>

12        14.    IBM employs PBX Analysts to maintain and support its PBX phone systems.

13        15.    The job of Plaintiff and Class Members is and was to provide routine maintenance,

14   and support of PBX telephones.  Their primary duties include maintaining and supporting

15   software included with the PBX telephone systems, following routine processes for doing so.

16   Their duties included routine software set-up work associated with adding or moving employees

17   who were using the PBX system.

18        16.    Plaintiff and Class Members are and were primarily engaged in nonexempt work

19   which did not meet the test of any exemption, was not directly and closely related to exempt

20   work, and did not involve the customary and regular exercise of discretion and independent

21   judgment.

22        B.    <u>IBM's Practice Regarding Overtime</u>

23        17.    On information and belief, Plaintiff alleges that from the start of the Class Period

24   until the present, IBM classified Plaintiff and all Class Members as exempt from overtime wages.

25   Plaintiff and Class Members regularly worked in excess of 8 hours per day and 40 hours per week

26   without compensation for their overtime hours.  Plaintiff's schedule regularly required her to

27   work 45 hours per week or more, sometimes working as much as 50-60 hours per week.

28                                          -5-

                    COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

C.    **Class Action Allegations**

18.    Plaintiff brings this action as a class action on behalf of all persons who are or have been employed by IBM as PBX Analysts (that is, as a technical analyst, telecom analyst, voice network analyst, or and/or any other employee with primary duties of maintaining and supporting software included with the PBX telephone systems) who worked in the State of California at any time from September 2003 until the date of the final disposition of this action and who were, are, or will be misclassified as exempt from overtime pay under California law.

19.    This action is brought, and may properly be maintained, as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, and the proposed Class is easily ascertainable.

20.    The Class is so numerous that joinder of all members is impracticable.

21.    Common questions of law and fact exist, including but not limited to the following:

(a)    Whether IBM unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et. seq.* and the California Labor Code and related regulations, Cal. Labor Code § 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4.

(b)    Whether the Plaintiff and Class Members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

(c)    Whether IBM's policy and practice of classifying the Class Members as exempt from overtime entitlement under California law and its policy and practice of failing to pay overtime to the Class Members violated applicable provisions of California law, including applicable statutory and regulatory authority;

(d)    Whether IBM unlawfully failed to keep and furnish Class Members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

-6-

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1    (e)    Whether IBM's policy and practice of failing to pay its employees
2    all wages due within the time required by law after their employment ended violates California
3    law; and
4    (f)    The proper measure of damages sustained and the proper measure
5    of restitution recoverable by Class Members.
6    22.    Plaintiff's claims are typical of the claims of the Class Members.  Plaintiff, like
7    other Class Members, was subjected to IBM's common policy and practice of classifying all PBX
8    Analysts as exempt from overtime and refusing to pay overtime in violation of California law.
9    Plaintiff's job duties were typical of those of other Class Members.
10    23.    Plaintiff will fairly and adequately protect the interests of the members of the
11    Class. Plaintiff has retained counsel competent and experienced in complex class actions and
12    California labor and employment litigation.

13    **FIRST CAUSE OF ACTION**
14    **UNLAWFUL FAILURE TO PAY REQUIRED OVERTIME WAGES**
        **(Wage Order No. 4; California Labor Code §§ 510, 1194)**
15    24.    Plaintiff incorporates by reference in this cause of action each allegation of
16    paragraphs 1 through 23 inclusive, as though fully set forth herein.
17
18    25.    California law requires an employer, such as IBM, to pay overtime compensation
19    to all non-exempt employees for all hours worked over 40 per week, or over eight per day.
20    26.    Plaintiff and Class Members are non-exempt employees entitled to be paid
       overtime compensation for all overtime hours worked.
21
22    27.    Throughout the Class Period, and continuing to the present, the Plaintiff and Class
       Members worked in excess of eight hours in a workday and/or 40 hours in a workweek.
23
24    28.    Throughout the Class Period, IBM misclassified Plaintiff and Class Members as
       exempt from overtime pay entitlement and failed and refused to pay them overtime pay for their
25    overtime hours worked.
26
27
28    -7-

29.   On information and belief, Plaintiff alleges that IBM's failure to pay overtime was done willfully, in bad faith, in knowing violation of the California Labor Code, and with malice.

30.   As a direct and proximate result of IBM's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of IBM in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## SECOND CAUSE OF ACTION
### WAITING TIME VIOLATIONS
#### (California Labor Code §§ 201-203)

31.   Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 30, inclusive, as though fully set forth herein.

32.   California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

33.   Plaintiff and all other Class Members who ceased employment with IBM are entitled to unpaid compensation, but to date have not received such compensation.

34.   More than thirty days have passed since Plaintiff and certain Class Members left IBM's employ.

35.   As a consequence of IBM's willful failure to timely compensate Plaintiff and Class Members for all hours worked, the Plaintiff and Class Members whose employment ended during the Class Period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
#### (California Labor Code §§ 226)

-8-

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

36.     Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 35, inclusive, as though fully set forth herein.

37.     California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period.

38.     California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys fees and costs.

39.     IBM knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiff and Class Members in accordance with Labor Code §226. At all times relevant herein, Defendant has failed to maintain records of hours worked by Plaintiff and Class Members as required under Labor Code § 1174(d). The wage statements provided to Plaintiff and Class Members have not accurately reflected actual gross wages earned, the total hours worked by employees, and their accurate hourly wage rates. IBM's failure to provide accurate, itemized wage statements to Plaintiff and Class Members caused injury to them, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled and putting them to the time and expense of having to show when they worked and how many hours they worked.

40.     Plaintiff and the Class Members are therefore entitled to the damages and penalties provided for under Labor Code § 226(e).

## FOURTH CAUSE OF ACTION
### UNFAIR PRACTICE UNDER THE UNFAIR COMPETITION ACT
#### (California Business and Professions Code §§ 17200 et seq.)

41.     Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 40, inclusive, as though fully set forth herein.

-9-

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1     42.    Defendant IBM's failure to pay overtime in violation of California law, as well as

2  the other statutory and regulatory violations alleged herein, including itemized wage statement

3  violations and violations of Labor Code §§ 201-203, constitute an unlawful business action and

4  practice in violation of Business and Professions Code § 17200 *et seq.*

5     43.    Defendant's course of conduct, acts, and practices in violation of the California

6  laws mentioned above constitute a separate and independent violation of the UCL. Defendant's

7  conduct described herein violates the policy or spirit of such laws or otherwise significantly

8  threatens or harms competition.

9     44.    The harm to Plaintiff and the Class in being wrongfully denied lawfully earned

10  wages outweighs the utility—if any—of IBM's policies or practices and, therefore, IBM's actions

11  described herein constitute an unfair business practice or act within the meaning of the UCL.

12     45.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the Class

13  Members are entitled to restitution of the overtime earnings and other unpaid wages alleged

14  herein that were withheld and retained by Defendant IBM during a period that commences four

15  years prior to the filing of this action, a permanent injunction requiring Defendant IBM to pay

16  overtime to all workers as defined herein, in California, an award of attorneys' fees pursuant to

17  Code of Civil Procedure § 1021.5 and other applicable law, and costs.

18                               **REQUEST FOR RELIEF**

19     46.    WHEREFORE, the Plaintiff, on behalf of herself and the proposed Class, requests

20  judgment and the following specific relief against Defendant IBM as follows:

21     A.    That the Court determine that this action may be maintained as a class action under

22  Code of Civil Procedure § 382;

23     B.    That IBM is found to have violated the overtime provisions of the Labor Code and

24  Wage Orders as to Plaintiff and the Class;

25

26

27

28                                 -10-

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1    C.    That IBM is found to have violated §§ 201, 202, and 203 of the California Labor

2  Code for willful failure to pay all compensation owed at the time of separation to Plaintiff and the

3  Class Members no longer employed by IBM;

4    D.    That IBM is found to have violated Labor Code § 226 for willful failure to provide

5  the required itemized wage statements to Plaintiff and the Class Members;

6    E.    That IBM's violations as described above are found to be willful;

7    F.    That Plaintiff and the Class receive an award in the amount of unpaid wages owed,

8  including interest thereon, and penalties subject to proof at trial;

9    G.    That IBM is ordered and enjoined to pay restitution to Plaintiff and the Class for

10  amounts acquired through IBM's unlawful activities, pursuant to Business and Professions Code

11  §§ 17200 et seq.;

12    H.    That IBM is further enjoined to cease and desist from unlawful activities in

13  violation of California Business and Professions Code § 17200;

14    I.    That Plaintiffs and the Class receive an award of reasonable attorneys' fees and

15  costs pursuant to Code of Civil Procedure § 1021.5, Labor Code § 1194, and/or other applicable

16  law; and

17    O.    That the Court order further relief, in law or equity, as it deems appropriate and

18  just.

19                              Respectfully submitted,

20

21  DATED: September 10, 2007          RUKIN HYLAND DORIA & TINDALL LLP

22

23

24                              By: _____

25                                    Steven M. Tindall

26

27

28                                    -11-

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

Jeffrey Lewis
Todd Jackson
LEWIS, FEINBERG, LEE, RENAKER & JACKSON,
LLC

James M. Finberg
Eve H. Cervantez
ALTSHULER BERZON, LLP
177 Post Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Steven G. Zieff
David A. Lowe
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

Kelly M. Dermody
Jahan C. Sagafi
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

David Borgen
GOLDSTEIN DEMCHAK BALLER, BORGEN &
DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417

Attorneys for Individual and Representative Plaintiff

-12-

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of her claims to the extent authorized by law.

DATED:  September 10, 2007          RUKIN HYLAND DORIA & TINDALL LLP


By: _____
        Steven M. Tindall

Jeffrey Lewis
Todd Jackson
LEWIS, FEINBERG, LEE, RENAKER & JACKSON,
LLC

James M. Finberg
Eve H. Cervantez
ALTSHULER BERZON, LLP
177 Post Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Steven G. Zieff
David A. Lowe
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

Kelly M. Dermody
Jahan C. Sagafi
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

David Borgen
GOLDSTEIN DEMCHAK BALLER, BORGEN &
DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417

Attorneys for Individual and Representative Plaintiff

-13-

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Steven M. Tindall (State Bar No. 176836), Rukin Hyland Doria & Tindall LLP 100 Pine Street, Suite 725 San Francisco, CA 94111 TELEPHONE NO.: 415-421-1800   FAX NO.: 415-421-1700 ATTORNEY FOR (Name): Plaintiff Paula Allison | 07 SEP 10 FM 4:08 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

CLERK ...
SAN DIEGO COUNTY, CA

CASE NAME:
Allison v. International Business Machines Corp., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2007-00074685-CU-OE-CTL |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

BY FAX

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 10, 2007
Steven M. Tindall
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rules.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
American LegalNet, Inc.
www.FormsWorkflow.com

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY AND ZIP CODE:   San Diego, CA 92101 | |
| BRANCH NAME:   Central | |
| TELEPHONE NUMBER:  (619) 685-6008 | |
| PLAINTIFF(S) / PETITIONER(S):    Paula Allison | |
| DEFENDANT(S) / RESPONDENT(S):  International Business Machines Corporation | |

| ALLISON VS. INTERNATIONAL BUSINESS MACHINES CORPORATION | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2007-00074885-CU-OE-CTL |

Judge:  William R. Nevitt, Jr.                                    Department: C-64

COMPLAINT/PETITION FILED: 09/10/2007

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                    NOTICE OF CASE ASSIGNMENT                    Page 1

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00074665-CU-OE-CTL          CASE TITLE: Allison vs. International Business Machines Corporation

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| | |
|---|---|
| PLAINTIFF(S): Paula Allison | |
| DEFENDANT(S): International Business Machines Corporation | |
| SHORT TITLE: ALLISON VS. INTERNATIONAL BUSINESS MACHINES CORPORATION | |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS**<br>**(CRC 3.221)** | CASE NUMBER:<br>37-2007-00074685-CU-OE-CTL |
|---|---|

Judge: William R. Nevitt, Jr.                                          Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Other (specify): _____

- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                    Date: _____

_____                  _____
Name of Plaintiff                             Name of Defendant

_____                  _____
Signature                                     Signature

_____                  _____
Name of Plaintiff's Attorney                  Name of Defendant's Attorney

_____                  _____
Signature                                     Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 08/10/2007                                          _____
                                                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page 1

3

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
09/12/2007
Log Number 512584620

TO:     Alec S Berman, Attorney
        IBM Corporation
        1133 Westchester Avenue, MD-140
        White Plains, NY, 10604

RE:     **Process Served in California**

FOR:    International Business Machines Corporation (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Paula Allison, etc., Pltf. vs. International Business Machines Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Notice, Stipulation Form, Attachment(s) |
| **COURT/AGENCY:** | San Diego County - Central District - Superior Court, CA<br>Case # 37200700074685CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation - Unpaid Wages - Request that IBM is enjoined to cease and desist from unlawful activities in violation of California Business and Proffessions Code |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/12/2007 at 15:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Steven M. Tindall<br>Rukin Hyland Doria & Tindall, LLP<br>100 Pine Street<br>Suite 725<br>San Francisco, CA, 94111<br>415 421 1800 |
| **ACTION ITEMS:** | Telephone, Alec S Berman , 914-642-5847<br>SOP Papers with Transmittal, via  Fed Ex 2 Day, 791387279930 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Dianne Christman<br>818 West Seventh Street<br>Los Angeles, CA, 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / WM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

9/10/07 @ 3 P.M

COPY

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

07 SEP 10 PM 4: 07
SAN DIEGO COUNTY. CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTERNATIONAL BUSINESS MACHINES CORPORATION, and
DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAULA ALLISON, individually and on behalf of all others similarly
situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a
copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the
court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more
information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse
nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may
lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an
attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services
program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California
Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

    Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito
en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por
escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted
pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de
California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no
puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta
su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un
servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios
legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de
California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
(www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

CASE NUMBER:
*(Número del Caso)* 37-2007-00074885-CU-OE-CTL

The name and address of the court is:
*(El nombre y dirección de la corte es)*:
San Diego Superior Court, Hall of Justice,
330 West Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Steven M. Tindall, Rukin Hyland Doria & Tindall LLP,
100 Pine Street, Suite 725, San Francisco, CA 94111; 415-421-1800.

DATE:    SEP 1 0 2007        Clerk, by    IMELDA CALIM.IM    , Deputy
*(Fecha)*                   *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: International Business Machines Corporation

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

[SEAL]

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 143429   — SR**

**October 12, 2007
13:28:47**

**Civ Fil Non-Pris**
USAO #.: 07CV1977 CIV. FIL.
Judge..: LARRY A BURNS
Amount.:                     $350.00 CK
Check#.: BC#D3112117

**Total—> $350.00**

FROM: ALLISON V. INTL. BUSINESS MACH
·CIVIL FILING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| PAULA ALLISON, individually and on behalf of all others similarly situated | INTERNATIONAL BUSINESS MACHINES CORPORATION, and DOES 1 through 50, inclusive |

| **(b)** County of Residence of First Listed Plaintiff <u>San Diego, California</u><br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed <u>Armonk, New York</u><br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|

'07 CV 1977 LAB CAB

BY FAX

DEPUTY

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Steven M. Tindall<br>Rukin Hyland Doria & Tindall LLP<br>100 Pine Street, Suite 725<br>San Francisco, CA 94111<br>Tel: 415-421-1800 | Donna M. Mezias, SBN 111902<br>Catherine S. Nasser, SBN 246191<br>Jones Day<br>555 California Street, 26th FL<br>San Francisco, CA 94104    Tel: 415-626-3939 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☐ 3  Federal Question<br>(U.S. Government Not a Party) |
| ☐ 2  U.S. Government<br>Defendant | ☒ 4  Diversity<br>(Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—<br>  Med. Malpractice<br>☐ 365 Personal Injury —<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>  Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 875 Customer Challenge<br>  12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities –<br>  Employment<br>☐ 446 Amer. w/Disabilities –<br>  Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate<br>  Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting<br>  & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>  Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br>  Act<br>☐ 900 Appeal of Fee Determination<br>  Under Equal Access<br>  to Justice<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | Transferred from<br>☐ 5 another district<br>(specify) | ☐ 6 Multidistrict<br>Litigation | ☐ 7 Judge from<br>Magistrate<br>Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332 and 1332 (d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat.14).

Brief description of cause:
This case is being removed to federal court based on traditional diversity and The Class Action Fairness Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)
JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| October 12, 2007 | Catherine S. Nasser  *C. Nasser* |

### FOR OFFICE USE ONLY

RECEIPT # 143429    AMOUNT $350.    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

10/12/07    JM

American LegalNet, Inc.  |  www.USCourtForms.com