1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   PAULA ALLISON, individually and on behalf        Civil No.    07cv1977 LAB (CAB)
     of all others similarly situated,

12                                  Plaintiff,        **CASE MANAGEMENT CONFERENCE
                                                      ORDER REGULATING DISCOVERY
13              v.                                    AND OTHER PRETRIAL
                                                      PROCEEDINGS**

14   INTERNATIONAL BUSINESS MACHINES
15   CORPORATION, and DOES 1 through 50,               **(Fed. R. Civ. P. 16)
     inclusive,                                        (Local Rule 16.1)
16                                  Defendants.        (Fed. R. Civ. P. 26)**

17

18          Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management

19   Conference was held on January 23, 2008.  After consulting with the attorneys of record for the

20   parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY

21   ORDERED:

22          1.      Any motion to join other parties, to amend the pleadings, or to file additional

23   pleadings shall be *filed* on or before **February 20, 2008**.

24          2.      Any motion for class certification must be **FILED** on or before **June 20, 2008**.

25          Please be advised that counsel for the moving party must obtain a motion hearing date

26   from the law clerk of the judge who will hear the motion.  Be further advised that the period of

27   time between the date you request a motion date and the hearing date may vary from one judge to

28   another.  Please plan accordingly.  For example, you may need to contact the judge's law clerk in

                                            1

advance of the motion cut-off to assess the availability of the Court's calendar.  **Failure of counsel to timely request a motion date may result in the motion not being heard.**

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

3.      The parties shall designate their respective case-in-chief experts in writing by **August 1, 2008**.  Rebuttal experts shall be designated on or before **August 15, 2008**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

4.      Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than September 5, 2008**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

5.      Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **September 19, 2008**.

**Please be advised that failure to comply with expert discovery or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. Rule 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

6.      All discovery, including experts, shall be completed by all parties on or before **September 30, 2008**.

"*Completed*" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may*

07cv1977

1    *be completed* by the cut-off date, taking into account the times for services, notice, and response as

2    set forth in the Federal Rules of Civil Procedure.  All discovery motions must be filed within 30

3    days of the service of an objection, answer or response which becomes the subject of dispute or the

4    passage of a discovery due date without response or production, and only after counsel have met

5    and conferred and have reached impasse with regard to the particular issue.

6          7.      All other pretrial motions must be **FILED** on or before **October 6, 2008**.

7          Please be advised that counsel for the moving party must obtain a motion hearing date

8    from the law clerk of the judge who will hear the motion.  Be further advised that the period of

9    time between the date you request a motion date and the hearing date may vary from one judge to

10   another.  Please plan accordingly.  For example, you may need to contact the judge's law clerk in

11   advance of the motion cut-off to assess the availability of the Court's calendar.  **Failure of counsel**

12   **to timely request a motion date may result in the motion not being heard.**

13         Briefs or memoranda in support of or in opposition to any pending motion shall not

14   exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No

15   reply memorandum shall exceed ten (10) pages without such leave of court.  Briefs and

16   memoranda exceeding ten (10) pages in length shall have a table of contents and a table of

17   authorities cited.

18         8.      A Mandatory Settlement Conference shall be conducted on **April 30, 2008**, at

19   **10:00 a.m.** in the chambers of Magistrate Judge Bencivengo.  Counsel shall submit **confidential**

20   settlement statements **directly to chambers** no later than seven days prior to the Settlement

21   Conference.  Each party's settlement statement shall set forth the party's statement of the case,

22   identify controlling legal issues, concisely set out issues of liability and damages, and shall set

23   forth the party's settlement position, including the last offer or demand made by that party, and a

24   separate statement of the offer or demand the party is prepared to make at the settlement

25   conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor**

26   **shall they be served on opposing counsel.**

27         9.      Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for

28

07cv1977

insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

10.     Counsel shall make their Pretrial Disclosures required by Fed.R.Civ.P. 26(a)(3) on or before **December 23, 2008**.

11.     Counsel may object to Pretrial Disclosures on or before **December 30, 2008**.

12.     Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1(f)(6)(b).  The proposed pretrial order shall comply with Civil Local Rule 16.1 (f) (6) and the Standing Order in Civil Cases issued by Hon. Larry Alan Burns

13.     On or before **January 6, 2009**, counsel shall meet and take the action required by Local Rule 16.1 (f) (4).

14.     The Proposed Final Pretrial Conference Order shall be prepared, served, and lodged with the Hon. Larry A. Burns on or before the time and date specified by Civil Local Rule 16.1(f)(6)(b).

15.     The final Pretrial Conference is scheduled on the calendar of the Hon. Larry A Burns on **January 20, 2009** at **11:15 a.m.**

16.     A post-trial settlement conference before a Magistrate Judge may be held within thirty (30) days of verdict in the case.

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

07cv1977

17.     The dates and times set forth herein will not be modified except for good cause shown.

18.     Plaintiff's counsel shall serve a copy of this order and the Standing Order in Civil Cases issued by Hon. Larry Alan Burns on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

DATED:  January 23, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

07cv1977