UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA ALLISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 07-CV-1977 LAB CAB<br><br>**AGREED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION, POTENTIAL CLASS ACTION MEMBER CONTACT INFORMATION, AND THE INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL** |

WHEREAS, the undersigned Parties have agreed to, and the Court approves, the following terms governing confidential information, potential class member contact information, and the inadvertent disclosure of privileged material, IT IS HEREBY ORDERED THAT:

1. A party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, discovery responses, electronic data, deposition transcripts, exhibits or other materials produced or generated in this matter that it reasonably believes should be subject to the terms of this Order. Material that may be designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY consists of documents and information whose disclosure would create a risk of injury that could not be avoided by less restrictive means.

2. Designations in conformity with this Order may be made as follows:

    (a) for information in documentary form (other than depositions or other transcripts), by stamping or labeling the first page of each such document CONFIDENTIAL or

1 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or by any other reasonable means of giving notice of the party's intent to claim protected status of the material in question;

      (b)    for testimony given in deposition or other proceeding, by notifying all counsel of record prior to, during or after the proceeding that the information provided in the deposition or other proceeding is considered CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and that the transcript thereof shall be subject to the provisions of this Order; and

      (c)    for information or items produced in some form other than documentary, by stamping or labeling the exterior of the container(s) in which the information or item is stored CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

3. Documents and information designated CONFIDENTIAL in accordance with this Order shall be used solely for the purpose of preparation, trial, and/or appeal of this action, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the preparation for and trial and appeal of this action; (c) Plaintiff Paula Allison; (d) the principals, officers, agents and employees of Defendant whom Defendant believes in good faith have a need to review such documents or information; (e) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (f) deponents, trial witnesses and court reporters in this action; and (g) the Court, Court personnel and jurors.  CONFIDENTIAL documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (g) of this paragraph.

4. Documents and information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Order shall be used solely for the purpose of preparation, trial, and/or appeal of this action, and, unless the Court rules otherwise, such documents and information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the preparation for and trial and appeal of this action; (c) the principals,

1  officers, agents and employees of Defendant whom Defendant believes in good faith have a need
2  to review such documents or information; (d) persons retained by either party to this Order to
3  furnish expert services or advice or to give expert testimony in this action (and their employees);
4  (e) deponents, trial witnesses and court reporters in this action; and (f) the Court, Court personnel
5  and jurors.  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or
6  information disclosed to any such person shall not be disclosed by him/her to any other person
7  not included within the foregoing subparagraphs (a) through (f) of this paragraph.

8       5.    Any person who is to obtain access to material subject to this Order pursuant to
9  paragraph 3(e) and/or 4(d) shall prior to receipt of such material (a) be informed by the party
10 providing access to such material of the terms of this Order; (b) agree in writing to be bound by
11 the terms of this Order by executing the attached Agreement; and (c) submit to the authority of
12 this Court for enforcement of this Order.

13      6.    If counsel for a party herein shall hereafter desire to make material subject to this
14 Order available to any person other than those referred to in paragraphs 3 and 4 above, such
15 counsel shall designate the material involved, identify the person to whom he/she wishes to make
16 disclosure, and inform counsel for the opposing party of their desire.  If the parties are
17 subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated
18 in paragraphs 3 and 4, disclosure may be made only on such terms as the Court may order.

19      7.    If a party objects to the designation of any document or information as
20 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, counsel for
21 the objecting party shall notify all counsel of record of the objection.  If the parties' dispute
22 regarding the objection cannot be resolved by agreement, counsel seeking to challenge the
23 designation may do so by filing a motion with this Court.  The documents or information in
24 question shall remain under the protection of this Order pending ruling on the motion.

25      8.    Without written permission from the party with an interest in protecting material
26 subject to this Order, or a court order secured after appropriate notice to all interested persons, a
27 party may not file in the public record (except under seal) any material subject to this Order.
28

1    9.   The provisions of this Order shall not terminate at the conclusion of this action.
2    Within sixty days after final termination of this action, including any appeals, the parties shall
3    destroy or return to counsel for a party that produced materials subject to this Order originals and
4    all copies of such materials.  At such time, each party must certify that the terms of this paragraph
5    have been complied with.  Notwithstanding the provisions of this paragraph, and except as set
6    forth in paragraphs 15 and 16, counsel are entitled to retain any work product, even if it contains
7    material subject to this Order.  Any such retained materials shall remain subject to the terms of
8    this Order.

9    10.  Any material subject to this Order, and which is otherwise admissible, may be
10   used at trial, provided, however, that the parties agree that they will work with the Court to
11   identify trial procedures that will protect and maintain the non-public nature of highly sensitive
12   information.  Prior to the use at trial of material subject to this Order, all stamps, labels or other
13   designations placed on the material pursuant to this Order shall be removed.

14   11.  Nothing contained in this Order, nor any action taken in compliance with it, shall
15   (a) operate as an admission or assertion by any witness or person or entity that any particular
16   document or information is, or is not, confidential or (b) prejudice in any way the right of any
17   party to seek a Court determination of whether it should remain confidential and subject to the
18   terms of this Order.  Any party to this Order may request the Court to grant relief from any
19   provision of this Order.

20   12.  Nothing herein constitutes or may be interpreted as a waiver by any party of the
21   attorney-client privilege, attorney work product protection, or any other privilege.

22   13.  It is recognized by the parties to this Order that, due to the exigencies of providing
23   numerous documents and the taking of testimony, certain documents, information or testimony
24   may be designated erroneously as confidential, or documents, information or testimony that are
25   entitled to confidential treatment may erroneously not be designated as confidential.  The parties
26   to this Order may correct their confidentiality designations, or lack thereof, and shall, at their own
27   expense, furnish to all counsel copies of the documents or other materials for which there is a
28   change in designation.

1         14.     Nothing in this Order shall prevent any party from using or disclosing their own
2   documents or information, regardless of whether they are designated CONFIDENTIAL or
3   HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.
4         15.     The inadvertent or unintentional disclosure by any party of documents or
5   information protected from discovery as an attorney-client communication, work product or
6   otherwise protected under Federal Rule of Civil Procedure 26 (the "Privileged Material"),
7   regardless of whether the information was designated as CONFIDENTIAL or HIGHLY
8   CONFIDENTIAL-ATTORNEYS' EYES ONLY at the time of disclosure, shall not be deemed a
9   waiver in whole or in part of that disclosing party's claim of privilege, either as to the specific
10  documents or information disclosed or as to any other documents or information relating thereto
11  or on the same or related subject matter.  The recipient of such Privileged Material shall (i) return
12  it, without retaining any copy of it, upon recognizing its status, or within three (3) days from a
13  demand (the "Demand") by the disclosing party, whichever occurs first; (ii) destroy all
14  summaries, notes, memoranda or other documents (or the portions thereof) referring to such
15  Privileged Material; and (iii) not use such documents containing Privileged Material for any
16  purpose until further order of the Court.  If the receiving party disputes the disclosing party's
17  Demand, the matter shall be presented by the disclosing party to the Court for resolution.  Further,
18  if the recipient has already shared such Privileged Material prior to recognizing its protected
19  status or prior to a Demand for its return, that recipient shall promptly notify the other affected
20  persons, and collect and return all copies.
21        16.     Plaintiff has requested, and Defendant has agreed to produce, subject to and two
22  weeks after entry of this Order, (a) the full name and (b) full current or last known home address
23  of any current or former employee who worked in position code 4272, 4273 or 4274 in the State
24  of California between September 10, 2003 and the date the Designated Position Codes were
25  discontinued (hereinafter, the name and address information referred to in this paragraph is called
26  "Contact Information").  Plaintiff's counsel may use the Contact Information solely for purposes
27  of contacting potential class action members for discovery and investigation purposes, subject to
28  applicable limitations imposed by law, court order, and/or ethical rules.  Prior to Plaintiff's

counsel's initial communication with potential class action members, Plaintiff's counsel shall confer with Defendant regarding the content of such communication. Plaintiff's counsel shall not disclose the Contact Information to anyone other than employees of Plaintiff's counsel to whom it is reasonably necessary to disclose the Contact Information for purposes of prosecuting this case and in accordance with this Order; shall notify Defendant in writing immediately or in no event later than three days after receipt of a subpoena or order issued in other litigation that would compel disclosure of the Contact Information; and shall return the Contact Information (including all copies or reproductions) to Defendant's counsel within 60 days after the final termination of this action.

AGREED TO BY:

Dated: March 5, 2008    Altshuler Berzon LLP

By: s/Rebecca Smullin
    Attorney for Plaintiff
    PAULA ALLISON
    rsmullin@altshulerberzon.com

Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Dated: March 5, 2008     Jones Day

By: s/Donna M. Mezias
Attorney for Defendant
INTERNATIONAL BUSINESS
MACHINES CORPORATION
dmezias@jonesday.com

Donna M. Mezias (State Bar No. 111902)
Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Matthew W. Lampe (admitted *pro hac vic*e)
mwlampe@jonesday.com
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Admitted in Ohio not in New York

**ORDER**

Pursuant to stipulation of the parties for entry of the protective order to protect confidential information, **IT IS SO ORDERED**.

**IT IS FURTHER ORDERED**, subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

Dated: March 7, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA ALLISON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, and DOES 1 through 50, inclusive,<br><br>        Defendant. | Case No. 07-CV-1977 LAB CAB<br><br>**AGREEMENT TO BE BOUND BY AGREED PROTECTIVE ORDER** |

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Agreed Protective Order entered in this action, and that I have read the Order and agree to be bound by all of the provisions in it.  I recognize that during my participation in this case, I may have occasion to read or hear matters that are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  I agree not to disclose any such matter to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such matter solely in connection with my participation in this case.  I also agree to return any materials protected by the Order to counsel for the party that supplied me with such materials as soon as my participation in the case is concluded.

Dated: _____         _____

                                                                Print Name

                                                                _____

                                                                Print Address